UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
VALFONSO DEWITT,

                                                          Petitioner,

               -v.-                                                    9:06-CV-0237
                                                                       (GLS)(GJD)


SUPERINTENDENT OF FISHKILL CORRECTIONAL
FACILITY,
                                                          Respondent.
--------------------------------------------------------------------------------

APPEARANCES:

VALFONSO DEWITT
Petitioner, *pro se*
00-B-2887

GARY L. SHARPE, U.S. DISTRICT JUDGE

## **ORDER**

        Presently before the Court is a second amended Habeas Corpus Petition filed by

Valfonso Dewitt ("Petitioner" or "Dewitt") pursuant to 28 U.S.C. § 2254.  Dkt No. 10.

In his original Petition, Dewitt sought to challenge a December 21, 2000 conviction

rendered in Cayuga County Court wherein he pled guilty to possession of a controlled

substance.  Dkt No. 1.  A May 1, 2006 Order noted that the Court was unable to

determine if the Petition was timely filed because Petitioner had not supplied the dates

that his CPL §440 Motions were filed and decided.  *See* Dkt. No. 5.

        Petitioner filed an amended Petition on June 19, 2006.  Dkt. No. 10.  The Court

found that the amended Petition was time barred, but noted that "Petitioner alleges that

he has a Motion to vacate or reduce his sentence, based upon recent amendments to the

Rockefeller Drug Laws, pending in a State court.  *See* Petition at 4(A).  In the event

Petitioner can establish that he filed that Motion within the statute of limitations discussed

above, he may file an Amended Petition that provides the Court with all filing and

decisional dates of his various actions, including those that remain pending in State

court." Dkt. No. 13.

Petitioner has now filed his second amended Petition, and has provided the Court

with documentation relating to the various proceedings that he pursued in the state

courts.[1]  Dkt. Nos. 14-15.  These documents reveal that Petitioner's Motion for Re-

sentencing was not actually filed until March 25, 2005.[2]  By that date, based upon the

documents Petitioner has now presented, at least 484 days has lapsed on Petitioner's

statute of limitations that was, in its totality, 455 days.  Accordingly, the Petition is

untimely.

Petitioner also asks this Court to apply equitable tolling to this case.  However,

equitable tolling is only available when "'**extraordinary circumstances**' prevent a

prisoner from filing a timely habeas petition."  *Warren v. Garvin*, 219 F.3d 111, 113

(2d Cir. 2000)(quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)

(emphasis added), *cert. denied*, 531 U.S. 840 (2000).  Petitioner has made no

showing of any factual basis upon which this Court could apply the doctrine of

equitable tolling to this action.  Accordingly, this action must be dismissed as

---

[1]Petitioner's exhibits relating to the state court proceedings reveal that a number of the dates in the prior filings were incorrect.  For example, the records reveal that the New York State Court of Appeals denied leave to appeal on August 19, 2002, not September 16, 2002 as alleged in the amended Petition.

[2]Petitioner wrote to the Cayuga County Court on January 11, 2005.  The Court characterized his filing as a "letter," and advised  Petitioner regarding the requirements to make a proper filing with the Court.  Petitioner did not file a proper Motion until March 24, 2005.  *See* Dkt. No. 15, Exhibits 64, 69, and 70.

untimely.

WHEREFORE, it is hereby

ORDERED, that this action DISMISSED as untimely, and it is further

ORDERED, that the Clerk serve a copy of this Order on the Petitioner in

accordance with the Local Rules.

IT IS SO ORDERED.

January 19, 2007
Albany, New York

United States District Court Judge

3